UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Katie M. Baker, | Court File No. 0:08:CV-5302 PJS/AJB |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |
| Debt Equities, LLC, Thomas LaBeaux, and Richard Gault, | |
| Defendants. | |

_____

## **INTRODUCTION**

This Court should enforce the parties' previous agreement on attorney's fees and costs and deny Plaintiff's motion. Plaintiff, through her counsel, sent a written offer to settle the issue of fees and costs for $4,000—without any time limitation or other conditions. Defendants' attorney e-mailed his written acceptance. Plaintiff's attorney attempted to withdraw the offer after it had been accepted. Under textbook contract law, the parties have an agreement that this Court should uphold.

Even if this Court does not enforce the parties' agreement, Plaintiff should receive no more than $4,070.00 in fees and costs. Plaintiff requests a rate far in excess of what this Court has expressed multiple times that it considers reasonable for an attorney of similar experience and skill. Instead of Plaintiff's requested $425.00 per hour rate, this Court should grant a rate of no more than $300.00 per hour.

## **ARGUMENT**

I.  **THE COURT SHOULD ENFORCE THE PARTIES' AGREEMENT ON ATTORNEY'S FEES.**

This Court should deny Plaintiff's motion because the parties have already struck an enforceable and legally binding agreement on the payment of fees and costs. Minnesota courts have "always supported a strong public policy favoring the settlement of disputed claims without litigation." Hentschel v. Smith, 278 Minn. 86, 153 N.W.2d 199, 204 (1967). In the context of contract law, "[a]n offer is the manifestation of willingness to enter into a bargain, made so as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Day v. Amax Inc., 701 F.2d 1258, 1263 (8th Cir. 1983), quoting Restatement (Second) of Contracts § 24 (1981). To constitute an acceptance, there must be an expression of the intention by word, sign, writing, or act communicated or delivered to the person making the offer or his agent. Pierce v. Foley Bros., 283 Minn. 360, 168 N.W.2d 346 (1969). If the time for acceptance is limited, then the limit is absolute. Callender v. Kalscheuer, 289 Minn. 532, 184 N.W.2d 811, 812 (1971). If there is no express limitation on time, then the law implies only that acceptance be within a reasonable time. Wick v. Murphy, 237 Minn. 447, 54 N.W.2d 805, 808 (1952). "A valid acceptance creates forthwith a binding contract. It is not subject to rejection and does not require any further approval by the original offeror." Minar v. Skoog, 235 Minn. 262, 50 N.W.2d 300, 302 (1951).

At 4:23 p.m. on June 8, 2009, Attorney Barry e-mailed an offer to Attorney O'Neil that read, "$4,000  First, final last best offer." (Affidavit of Brett P. Clark Ex. 1, E-mail

from Barry O'Neil to Peter Barry, Re: Baker v. Debt Equities – Rule 408 Communication (June 10, 2009, 12:53 CST)).  The offer contained no time limitation or other conditions whatsoever and Barry did not relay any such conditions orally.  (Clark Aff. ¶ 2.)  On June 10, 2009 at 9:20 a.m., O'Neil e-mailed Barry, "Pete – The Carrier will pay the $4,000.  Get me your tax id number for the $6,500 total settlement."  (Clark Ex. 1.)  O'Neil did not make any counteroffer.  (Clark Aff. ¶ 3.)  Barry did not withdraw the offer.  (Id.)  At the point of O'Neil's acceptance, the parties had a legally binding contract—Plaintiff's attorney made an offer and Defendants' attorney accepted it.  Both offer and acceptance are in writing.

     Nonetheless, Plaintiff disputes this agreement.  Three hours after the acceptance, Attorney Barry wrote to O'Neil, "That offer is off the table."  (Clark Ex. 1.)  Plaintiff's attorney has argued subsequently that his filing of motion papers in support of this motion somehow invalidates the offer.  He does not deny, however, that he did not at any point make such a circumstance a condition of the offer, nor is this condition implied by the law.  He did not place any time limitation on the offer.  The only communication between offer and acceptance is a voicemail from Barry to O'Neil at 4:58 p.m. on June 8, stating nothing substantively more than "Give me a call."  (Clark Aff. ¶ 3.)

     If Mr. Barry wished to withdraw the offer, then he had ample opportunity to do so.  He could have e-mailed Mr. O'Neil that Plaintiff had withdrawn the offer.  He could have stated that the offer was withdrawn in his voicemail.  Instead, he waited until three hours after acceptance to make any attempt at withdrawal.  As a result, the parties have a valid offer and acceptance, resulting in a contract that Defendants will pay Plaintiff $4,000 in

attorney's fees and costs. This Court should enforce this agreement, deny Plaintiff's motion, and award her this amount.

## II.     PLAINTIFF REQUESTS AN UNREASONABLE HOURLY ATTORNEY FEE RATE.

Should the Court look past the agreement between Plaintiff and Defendants on this very issue, it should not calculate a fee award based upon the Plaintiff's requested rate. In her motion, Plaintiff seeks a rate of $425 per hour for her attorney, Peter Barry. This number is in excess of what could be considered reasonable in the local legal community for an attorney of comparable skill and experience. This Court should calculate an award of fees using a rate of $300 per hour.

"In determining a reasonable hourly rate, the Court should look to the prevailing market rate in the community in which the litigation is situated, specifically at the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and reputation." Fish v. St. Cloud State University, 2001 WL 667778 (D. Minn. June 12, 2001), (Clark Ex. 2) (quoting McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir. 1988)). An attorney's rate should be "adequate to attract competent counsel, but … not produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886, 897 (1984).

In support of this rate, Plaintiff asserts that federal courts within the last few years have approved Mr. Barry's rate at $300—the rate requested by Defendants—but provides no citation to any Minnesota case in which this was the case. Plaintiff provides no case in which her attorney has been approved in any court for a rate even remotely

4

approaching that which she requests.  The only evidence in support of the reasonableness of his requested $425 provided by Plaintiff is the fact that he has charged such a rate, in the form of a single retainer.  This is not sufficient to establish a reasonable rate.  The Supreme Court requires that the trial court look to "the prevailing rate for similar legal services *performed by attorneys of comparable skill, experience, and reputation*."  McDonald, 860 F.2d at 1459 (emphasis added).  The mere fact that Plaintiff has charged $425 in a single matter is not evidence of the reasonableness of such a rate in this legal community.  The Court instead should consider rates it has recently approved for attorneys of similar experience and practice area.

A consumer advocacy attorney with a practice similar to Attorney Barry can be found in Thomas J. Lyons, Jr.[1]  A search of this Court's ECF system shows that Mr. Lyons has been counsel in 1,145 cases in this district.  (Clark Aff. ¶ 4.)  Mr. Barry has been identified as counsel in 379 cases listed in the Court's ECF system.  (Id. ¶ 5.)  In Young v. Diversified Consultants, Inc., 554 F.Supp.2d. 954 (D. Minn. 2008), a decision handed down on May 21, 2008, Judge Davis concluded that $300 per hour was a reasonable rate for Lyons, who has handled more than three times as many claims in the District of Minnesota.  Id. at 956-57.  Judge Frank and Judge Schiltz reached the same

---

[1] Plaintiff's attorney has previously sworn his belief in another matter that Mr. Lyons is "a Minneapolis consumer rights attorney with comparable experience litigating FDCPA cases."  (Clark Aff. Ex. 5, Supplemental Declaration of Peter F. Barry, Esq. in Support of Plaintiff's Application for an Award of Attorneys' Fees and Reimbursement of Expenses, ¶ 26 Gorton v. Debt Equities, LLC, Court File No. 08-CV-04817-MJD-JJK (D. Minn. June 16, 2009)).  Mr. Lyons' website for the Consumer Justice Center, P.A. indicates that he, in fact, was admitted to practice in 1994 and has two more years experience than Mr. Barry.  (See Lyons website at http://www.consumerjusticecenter.com/ThomasJLyons.htm.)

conclusion in both Bankey v. Phillips & Burns, LLC, 2008 WL 2405773 (D. Minn.) (Clark Ex. 3), and Olson v. Messerli & Kramer, P.A., 2008 WL 1699605 (D. Minn.) (Clark Ex. 4).[2]  If judges of this Court concluded so recently that $400 per hour was excessive for Mr. Lyons, then the same should be held here, and a $300 hourly rate should be deemed reasonable for Mr. Barry.

Importantly, Plaintiff cites no cases in any Minnesota court in which a $425 per hour fee has been approved.  The closest she provides is Hixon v. City of Golden Valley, 2007 WL 4373111 (D. Minn.) (Clark Ex. 7).  She declines to mention, however, that the defendants in that matter did not challenge the plaintiff attorney's $400 rate.  Hixon was a 42 U.S.C. § 1983 police brutality case that yielded the plaintiff $328,000 in compensatory damages and $450,000 in punitive damages.  It was a complex matter in which 20 witnesses testified.  Hixon and the present matter are not comparable in this regard.  Plaintiff presents no explanation as to why her attorney should be awarded $25 *more* per hour than the attorney with the highest rate in Hixon.

Plaintiff's attorney billed 11.9 hours on this matter.  If this Court finds reason to look past the parties' agreement on this issue, then it should award Plaintiff $3,570.00 in attorney's fees.

---

[2] Mr. Lyons was approved at a rate of $400 per hour in Shelago v. Marshall & Ziolkowski Enters., LLC, 2009 WL 1097534 (D. Ariz.) (Clark Ex. 6).  That matter, however, considered what would be an appropriate rate in the Arizona legal community. Id.  This Court has declined to approve Mr. Lyons at a rate above $300 per hour.

## **CONCLUSION**

The parties unequivocally agreed to an award of $4,000 for attorney's fees and costs. This Court should enforce that award. If it does not, then the Court should award fees at a rate of $300.00 per hour for an award of $3,570.00 in fees and $500.00 in costs.

                                        LOMMEN, ABDO, COLE, KING & STAGEBERG, P.A.

Dated: June 19, 2009            BY <u>s/ Brett P. Clark</u>
                                        Barry A. O'Neil, I.D. No. 220875
                                        Brett P. Clark, I.D. No. 386613
                                        Attorneys for Defendants
                                        2000 IDS Center
                                        80 South 8th Street
                                        Minneapolis, MN  55402
                                        (612) 339-8131
                                        FAX: (612) 339-8064